IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,514-01






EX PARTE LARRY JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15039 IN THE 349TH DISTRICT COURT


FROM HOUSTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
burglary of a habitation and sentenced to three terms of ten years' imprisonment. He did not appeal
his convictions.

 Applicant contends that he should be eligible for release on mandatory supervision. 
Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. Accordingly, the trial court shall order
the Office of General Counsel at the Texas Department of Criminal Justice to file a response. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant is eligible for release on
mandatory supervision and, if not, why he is ineligible. The trial court shall also make findings of
fact as to whether Applicant's convictions are classified as first degree felonies in the judgment
because he was charged with intending to engage in organized criminal activity. The trial court shall
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 2, 2008

Do not publish